1    PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

2    Name Mouzon            Alfonso
          (Last)            (First)            (Initial)

3    Prisoner Number #CO-000473-9

4    Institutional Address COALINGA STATE HOSPITAL

5    P.O. Box 5003 Unit #7, Coalinga, CA 93210-5003    **(PR)**

6    ==================================================================
                    UNITED STATES DISTRICT COURT
7                   NORTHERN DISTRICT OF CALIFORNIA

8    Alfonso Mouzon                          )        **MMC**
     (Enter the full name of plaintiff in this action.)  )

9                                            )
                      vs.                    )        CV  08  3678
10                                           )        (To be provided by the clerk of court)
     Pam Ahlin, Exec. Dir. (Acting)          )
11                                           )        PETITION FOR A WRIT
                                             )        OF HABEAS CORPUS
12   _____            )
                                             )
13   _____            )
                                             )
14   _____            )
     (Enter the full name of respondent(s) or jailer in this action)  )
                                             )
15   ==================================================================

16              Read Comments Carefully Before Filling In

17   When and Where to File

18        You should file in the Northern District if you were convicted and sentenced in one of these

19   counties: Alameda, Contra Costa, Del Norte, Humboldt, Lake, Marin, Mendocino, Monterey, Napa,

20   San Benito, Santa Clara, Santa Cruz, San Francisco, San Mateo and Sonoma. You should also file in

21   this district if you are challenging the manner in which your sentence is being executed, such as loss of

22   good time credits, and you are confined in one of these counties. Habeas L.R. 2254-3(a).

23        If you are challenging your conviction or sentence and you were not convicted and sentenced in

24   one of the above-named fifteen counties, your petition will likely be transferred to the United States

25   District Court for the district in which the state court that convicted and sentenced you is located. If

26   you are challenging the execution of your sentence and you are not in prison in one of these counties,

27   your petition will likely be transferred to the district court for the district that includes the institution

28   where you are confined. Habeas L.R. 2254-3(b).

     PET. FOR WRIT OF HAB. CORPUS        - 1 -

1    <u>Who to Name as Respondent</u>

2        You must name the person in whose actual custody you are.  This usually means the Warden or

3    jailor.  Do not name the State of California, a city, a county or the superior court of the county in which

4    you are imprisoned or by whom you were convicted and sentenced.  These are not proper

5    respondents.

6        If you are not presently in custody pursuant to the state judgment against which you seek relief

7    but may be subject to such custody in the future (e.g., detainers), you must name the person in whose

8    custody you are now <u>and</u> the Attorney General of the state in which the judgment you seek to attack

9    was entered.

10    <u>A.  INFORMATION ABOUT YOUR CONVICTION AND SENTENCE</u>

11        1.  What sentence are you challenging in this petition?

12           (a)    Name and location of court that imposed sentence (for example; Alameda

13                County Superior Court, Oakland):   1225 Fallon Street

14    Alameda County Superior Court    Oakland, CA 94612

15                Court                              Location

16           (b)    Case number, if known  98452

17           (c)    Date and terms of sentence January 17, 1990;  Sentenced to 32 years

18           (d)    Are you now in custody serving this term? (Custody means being in jail, on

19                parole or probation, etc.)       Yes  <u>X</u>     No _____

20                Where?

21                Name of Institution: COALINGA STATE HOSPITAL

22                         24511 West Jayne Ave, P.O. Box 5003 U-12,
            Address: Coalinga, CA 93210-5003

23        2. For what crime were you given this sentence? (If your petition challenges a sentence for

24    more than one crime, list each crime separately using Penal Code numbers if known.  If you are

25    challenging more than one sentence, you should file a different petition for each sentence.)

26    1 Count of Penal Code §207; 2 Counts of 288A; 2 Counts of

27    §289; and 1 Count of §261 (Attempted Rape)

28    _____

3. Did you have any of the following?

    Arraignment:                         Yes **X**     No _____

    Preliminary Hearing:            Yes **X**     No _____

    Motion to Suppress:            Yes _____     No **X**

4. How did you plead?

    Guilty _____    Not Guilty **X**    Nolo Contendere _____

    Any other plea (specify) _____

5. If you went to trial, what kind of trial did you have?

    Jury **X**    Judge alone _____    Judge alone on a transcript _____

6. Did you testify at your trial?          Yes **X**     No _____

7. Did you have an attorney at the following proceedings:

    (a)    Arraignment           Yes **X**     No _____

    (b)    Preliminary hearing     Yes **X**     No _____

    (c)    Time of plea           Yes **X**     No _____

    (d)    Trial                   Yes **X**     No _____

    (e)    Sentencing            Yes **X**     No _____

    (f)    Appeal               Yes **X**     No _____

    (g)    Other post-conviction proceeding     Yes **X**     No _____

8. Did you appeal your conviction?         Yes **X**     No _____

    (a)    If you did, to what court(s) did you appeal?

        Court of Appeal          Yes **X**     No _____

        Year: **Unknown**    Result: **Appeal Denied** _____

        Supreme Court of California    Yes **X**     No _____

        Year: **Unknown**    Result: **Appeal Denied** _____

        Any other court          Yes _____     No **X**

        Year: _____    Result: _____

    (b)    If you appealed, were the grounds the same as those that you are raising in this

PET. FOR WRIT OF HAB. CORPUS     - 3 -

1    petition?                                        Yes **X**      No____

2    (c)    Was there an opinion?                     Yes **X**      No_

3    (d)    Did you seek permission to file a late appeal under Rule 31(a)?

4                                                     Yes ____      No **X**

5    If you did, give the name of the court and the result:

6    Not Applicable

7

8  9.  Other than appeals, have you previously filed any petitions, applications or motions with respect to

9  this conviction in any court, state or federal?   Yes **X**      No____

10    [Note:  If you previously filed a petition for a writ of habeas corpus in federal court that

11  challenged the same conviction you are challenging now and if that petition was denied or dismissed

12  with prejudice, you must first file a motion in the United States Court of Appeals for the Ninth Circuit

13  for an order authorizing the district court to consider this petition.  You may not file a second or

14  subsequent federal habeas petition without first obtaining such an order from the Ninth Circuit. 28

15  U.S.C. §§ 2244(b).]

16    (a)    If you sought relief in any proceeding other than an appeal, answer the following

17           questions for each proceeding.  Attach extra paper if you need more space.

18    I.     Name of Court: Alameda County Superior Court

19           Type of Proceeding: Motion for Post-Conviction DNA Testing

20           Grounds raised (Be brief but specific):
              Petitioner has been unlawfully denied DNA testing
21           a. under Cal. Penal Code §1405, as a result of
                 impression, the DNA should have been ordered.
22           b.

23           c.

24           d.

25           Result: Motion Denied               ]Date of Result: March 5, 2003

26    II.    Name of Court: California Court of Appeals

27           Type of Proceeding: Petition for Writ of Mandate

28           Grounds raised (Be brief but specific):

PET. FOR WRIT OF HAB. CORPUS          - 4 -

a. Denial of Post-Conviction DNA Testing

b. _____

c. _____

d. _____

Result: Petition Denied _____ Date of Result: April 10, 2003

III.  Name of Court: California Court of Appeals

Type of Proceeding: Writ of Habeas Corpus

Grounds raised (Be brief but specific):
Petitioner has been unlawfully denied DNA testing under
a. Cal. Penal Code §1405, as a result of first impression
the DNA testing should have been ordered.

b. _____

c. _____

d. _____

Result: Writ Denied _____ Date of Result: July 11, 2007

IV.  Name of Court: Supreme Court of California

Type of Proceeding: Writ of Habeas Corpus

Grounds raised (Be brief but specific):

a. Same as issue for Court of Appeals above

b. _____

c. _____

d. _____

Result: Writ Denied _____ Date of Result: December 12, 2007

(b)  Is any petition, appeal or other post-conviction proceeding now pending in any court?

Yes _____    No  X

Name and location of court: _____

B. GROUNDS FOR RELIEF

State briefly every reason that you believe you are being confined unlawfully. Give facts to
support each claim. For example, what legal right or privilege were you denied? What happened?
Who made the error? Avoid legal arguments with numerous case citations. Attach extra paper if you

PET. FOR WRIT OF HAB. CORPUS        - 5 -

1  need more space.  Answer the same questions for each claim.

2      [Note:  You must present ALL your claims in your first federal habeas petition.  Subsequent

3  petitions may be dismissed without review on the merits.  28 U.S.C. §§ 2244(b); McCleskey v. Zant,

4  499 U.S. 467, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991).]

5      Claim One: Petitioner has been unlawfully denied D.N.A. testing
   under Cal. Penal Code §1405, as a result of first impression,
6  the DNA testing should have been ordered.

7      Supporting Facts: See attached Sheet of Paper on next page.

8      _____

9      _____

10     _____

11     Claim Two: _____

12     _____

13     Supporting Facts: _____

14     _____

15     _____

16     _____

17     Claim Three: _____

18     _____

19     Supporting Facts: _____

20     _____

21     _____

22     _____

23     If any of these grounds was not previously presented to any other court, state briefly which

24  grounds were not presented and why:

25     Not Applicable _____

26     _____

27     _____

28     _____

PET. FOR WRIT OF HAB. CORPUS          - 6 -

ATTACHED SHEET

Petitioner, Alfonso Mouzon, seeks appointment of counsel for the purpose of obtaining DNA testing pertainint to his 1989 conviction for rape (California Penal Code § 289) in Alameda Superior Court Case No. **98452.**   Petitioner brings this petition specifically under the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution, as he was denied DNA tesing under California Penal Code § 1405(b)(3)(B).    Petitioner is attacking his current confinement through his prior conviction.

Petitioner is currently awaiting adjudication for a civil mental health commitment pursuant to California Welfare and Institutions Code § 6600 et seq.   On January 17, 1990, petioner was sentenced on the above referenced criminal case to 32 years in State prison for convictions of Penal Code §§ 261, 270, 288a, and two counts of 289. At the trial, the identity of this petitioner as the person who sexually assaulted the victim **WAS NOT** corroborated in any way; neither by the forensic or scientific evidence.  Petitioner maintains that he was not the person who sexually assaulted the victim, and if the Court were to order DNA testing, the results would exonerate this petitioner as the perpetrator in that case.

Additionally, DNA testing would raise the reasonable probability that the verdict would have been **MORE FAVORABLE** to petitioner had such testing been available in 1989. Further, such testing would corroborate petitioner's claim that he did not sexually assault the victim.   The absence of any of petitioner's bodily fluids swabbed from the victim's mouth, and later retrieved from the victim's vaginal cavity and mouth area during a sexual assault examination, would seriously undermine not only the victim's testimony that petitioner ejaculated in her mouth, on her face, and that he attempted vaginal intercourse with her, but also would completely invalidate the criminal conviction against petitioner.

A reasonable person would be led to believe that if the victim was sexually assaulted by petitioner, his DNA would be left at the scene and on the victim, and sufficient testing would prove as much.   The testing in this case would prove that petitioner **DID NOT** commit the crime for which he was charged and later convicted.

The biological samples obtained from the victim were never subjected to DNA testing. The samples obtained from the victim were simply admitted into evidence at the criminal trial.

On or about January 17, 2003, petitioner filed a motion in the State Superior Court for Post-Conviction DNA Testing.   On March 5, 2003, the court denied the motion without appointing counsel.  Petitioner timely filed a petition for writ of mandate in the California Court of Appeal, First Appellate District (Case No. A101979), which was denied on April 10, 2003.  Thereafter, on September 26, 2006, petitioner brought a motion for post-conviction DNA testing, which motion was filed by the Public Defender's Office (who currently represents petition in the civil commitment proceeding).  That motion was denied as well.  The court found that the identity was not sufficient at trial; however, petitioner maintains that based on the lack of DNA testing and uncorroborated testimony, the identity of petitioner as being the perpetrator is questionable at best.

List, by name and citation only, any cases that you think are close factually to yours so that they are an example of the error you believe occurred in your case. Do not discuss the holding or reasoning of these cases:

U.S. Constitution 5th Amendment, 6th Amendment, 14th Amendment; 18 U.S.C.A. 3600; In re Kinnamon, 133 Cal.App.4th 316, 34 Cal. Rptr.3d 802

Do you have an attorney for this petition?                    Yes_____      No **X** ___

If you do, give the name and address of your attorney:

_____

WHEREFORE, petitioner prays that the Court grant petitioner relief to which s/he may be entitled in this proceeding. I verify under penalty of perjury that the foregoing is true and correct.

Executed on ___7-30-08___                     ___Alfonso Moregon.___
              Date                                Signature of Petitioner

(Rev. 6/02)

PET. FOR WRIT OF HAB. CORPUS          - 7 -

PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

Name Mouzon        Alfonso
      (Last)         (First)        (Initial)

Prisoner Number#CO-000473-9

Institutional Address COALINGA STATE HOSPITAL

P.O. Box 5003 Unit #7, Coalinga, CA 93210-5003

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Alfonso Mouzon | ) |
| (Enter the full name of plaintiff in this action.) | ) |
| | ) |
| vs. | )   Case No. _____ |
| | )   (To be provided by the clerk of court) |
| Pam Ahlin, Exec. Dir. (Acting) | ) |
| | )   **PETITION FOR A WRIT** |
| | )   **OF HABEAS CORPUS** |
| | ) |
| | ) |
| | ) |
| (Enter the full name of respondent(s) or jailer in this action) | ) |
| | ) |

Read Comments Carefully Before Filling In

When and Where to File

     You should file in the Northern District if you were convicted and sentenced in one of these counties: Alameda, Contra Costa, Del Norte, Humboldt, Lake, Marin, Mendocino, Monterey, Napa, San Benito, Santa Clara, Santa Cruz, San Francisco, San Mateo and Sonoma. You should also file in this district if you are challenging the manner in which your sentence is being executed, such as loss of good time credits, and you are confined in one of these counties. Habeas L.R. 2254-3(a).

     If you are challenging your conviction or sentence and you were <u>not</u> convicted and sentenced in one of the above-named fifteen counties, your petition will likely be transferred to the United States District Court for the district in which the state court that convicted and sentenced you is located. If you are challenging the execution of your sentence and you are not in prison in one of these counties, your petition will likely be transferred to the district court for the district that includes the institution where you are confined. Habeas L.R. 2254-3(b).

PET. FOR WRIT OF HAB. CORPUS     - 1 -

1   <u>Who to Name as Respondent</u>

2          You must name the person in whose actual custody you are.  This usually means the Warden or

3   jailor.  Do not name the State of California, a city, a county or the superior court of the county in which

4   you are imprisoned or by whom you were convicted and sentenced.  These are not proper

5   respondents.

6          If you are not presently in custody pursuant to the state judgment against which you seek relief

7   but may be subject to such custody in the future (e.g., detainers), you must name the person in whose

8   custody you are now <u>and</u> the Attorney General of the state in which the judgment you seek to attack

9   was entered.

10  <u>A. INFORMATION ABOUT YOUR CONVICTION AND SENTENCE</u>

11         1.  What sentence are you challenging in this petition?

12              (a)     Name and location of court that imposed sentence (for example; Alameda

13                      County Superior Court, Oakland):  1225 Fallon Street

14      Alameda County Superior Court      Oakland, CA  94612

15              Court                                    Location

16              (b)     Case number, if known  98452

17              (c)     Date and terms of sentence  January 17, 1990; Sentenced to 32 years

18              (d)     Are you now in custody serving this term?  (Custody means being in jail, on

19                      parole or probation, etc.)          Yes  **X**     No _____

20              Where?

21              Name of Institution:  COALINGA STATE HOSPITAL

22              Address:  24511 West Jayne Ave, P.O. Box 5003 U-12, Coalinga, CA  93210-5003

23         2.  For what crime were you given this sentence?  (If your petition challenges a sentence for

24  more than one crime, list each crime separately using Penal Code numbers if known.  If you are

25  challenging more than one sentence, you should file a different petition for each sentence.)

26  1 Count of Penal Code §207; 2 Counts of 288A; 2 Counts of

27  §289; and 1 Count of §261 (Attempted Rape)

28  _____

PET. FOR WRIT OF HAB. CORPUS          - 2 -

3. Did you have any of the following?

    Arraignment:                            Yes __**X**__       No _____

    Preliminary Hearing:               Yes __**X**__       No _____

    Motion to Suppress:                Yes _____       No __**X**__

4. How did you plead?

    Guilty _____    Not Guilty __**X**__    Nolo Contendere _____

    Any other plea (specify) _____

5. If you went to trial, what kind of trial did you have?

    Jury __**X**__    Judge alone_____    Judge alone on a transcript _____

6. Did you testify at your trial?           Yes __**X**__       No _____

7. Did you have an attorney at the following proceedings:

    (a)    Arraignment                Yes __**X**__       No __·__

    (b)    Preliminary hearing       Yes __**X**__       No _____

    (c)    Time of plea               Yes __**X**__       No _____

    (d)    Trial                      Yes __**X**__       No _____

    (e)    Sentencing                Yes __**X**__       No _____

    (f)    Appeal                  Yes __**X**__       No _____

    (g)    Other post-conviction proceeding    Yes __**X**__       No _____

8. Did you appeal your conviction?         Yes __**X**__       No _____

    (a)    If you did, to what court(s) did you appeal?

        Court of Appeal            Yes __**X**__       No _____

        Year: `Unknown`    Result:`Appeal Denied`_____

        Supreme Court of California    Yes __**X**__       No _____

        Year: `Unknown`    Result:`Appeal Denied`_____

        Any other court          Yes _____       No __**X**__

        Year: _____    Result:_____

    (b)    If you appealed, were the grounds the same as those that you are raising in this

PET. FOR WRIT OF HAB. CORPUS       - 3 -

1    petition?                                          Yes __X__        No_____

2        (c)   Was there an opinion?                    Yes __X__        No_

3        (d)   Did you seek permission to file a late appeal under Rule 31(a)?

4                                                        Yes _____        No__X__

5        If you did, give the name of the court and the result:

6        Not Applicable _____

7        _____

8    9. Other than appeals, have you previously filed any petitions, applications or motions with respect to

9    this conviction in any court, state or federal?    Yes __X__        No_____

10        [Note: If you previously filed a petition for a writ of habeas corpus in federal court that

11   challenged the same conviction you are challenging now and if that petition was denied or dismissed

12   with prejudice, you must first file a motion in the United States Court of Appeals for the Ninth Circuit

13   for an order authorizing the district court to consider this petition.  You may not file a second or

14   subsequent federal habeas petition without first obtaining such an order from the Ninth Circuit.  28

15   U.S.C. §§ 2244(b).]

16       (a)   If you sought relief in any proceeding other than an appeal, answer the following

17             questions for each proceeding.  Attach extra paper if you need more space.

18             I.   Name of Court: Alameda County Superior Court _____

19                  Type of Proceeding: Motion for Post-Conviction DNA Testing

20                  Grounds raised (Be brief but specific):
                         Petitioner has been unlawfully denied DNA testing
21                  a. under Cal. Penal Code §1405, as a result of
                         impression, the DNA should have been ordered.
22                  b._____ _____

23                  c._____ _____

24                  d._____ _____

25                  Result: Motion Denied _____]Date of Result: March 5, 2003

26             II.  Name of Court: California Court of Appeals _____

27                  Type of Proceeding: Petition for Writ of Mandate ____

28                  Grounds raised (Be brief but specific):

PET. FOR WRIT OF HAB. CORPUS          - 4 -

a. Denial of Post-Conviction DNA Testing

b.

c.

d.

Result: Petition Denied _____ Date of Result: April 10, 2003

III. Name of Court: California Court of Appeals

Type of Proceeding: Writ of Habeas Corpus

Grounds raised (Be brief but specific):
Petitioner has been unlawfully denied DNA testing under
a. Cal. Penal Code §1405, as a result of first impression
the DNA testing should have been ordered.
b.

c.

d.

Result: Writ Denied _____ Date of Result: July 11, 2007

IV. Name of Court: Supreme Court of California

Type of Proceeding: Writ of Habeas Corpus

Grounds raised (Be brief but specific):

a. Same as issue for Court of Appeals above

b.

c.

d.

Result: Writ Denied _____ Date of Result: December 12, 2007

(b)    Is any petition, appeal or other post-conviction proceeding now pending in any court?

Yes _____      No  X

Name and location of court: _____

B. GROUNDS FOR RELIEF

State briefly every reason that you believe you are being confined unlawfully. Give facts to
support each claim. For example, what legal right or privilege were you denied? What happened?
Who made the error? Avoid legal arguments with numerous case citations. Attach extra paper if you

PET. FOR WRIT OF HAB. CORPUS          - 5 -

1  need more space. Answer the same questions for each claim.

2      [Note: You must present ALL your claims in your first federal habeas petition. Subsequent

3  petitions may be dismissed without review on the merits. 28 U.S.C. §§ 2244(b); McCleskey v. Zant,

4  499 U.S. 467, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991).]

5      Claim One: Petitioner has been unlawfully denied D.N.A. testing
6  under Cal. Penal Code §1405, as a result of first impression,
   the DNA testing should have been ordered.

7      Supporting Facts: See attached Sheet of Paper on next page.

8  _____

9  _____

10 _____

11     Claim Two: _____

12 _____

13     Supporting Facts: _____

14 _____

15 _____

16 _____

17     Claim Three: _____

18 _____

19     Supporting Facts: _____

20 _____

21 _____

22 _____

23     If any of these grounds was not previously presented to any other court, state briefly which

24  grounds were not presented and why:

25   Not Applicable _____

26 _____

27 _____

28 _____

PET. FOR WRIT OF HAB. CORPUS        - 6 -

ATTACHED SHEET

Petitioner, Alfonso Mouzon, seeks appointment of counsel for the purpose of obtaining DNA testing pertainint to his 1989 conviction for rape (California Penal Code § 289) in Alameda Superior Court Case No. **98452**.    Petitioner brings this petition specifically under the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution, as he was denied DNA tesing under California Penal Code § 1405(b)(3)(B).    Petitioner is attacking his current confinement through his prior conviction.

Petitioner is currently awaiting adjudication for a civil mental health commitment pursuant to California Welfare and Institutions Code § 6600 et seq.  On January 17, 1990, petioner was sentenced on the above referenced criminal case to 32 years in State prison for convictions of Penal Code §§ 261, 270, 288a, and two counts of 289. At the trial, the identity of this petitioner as the person who sexually assaulted the victim **WAS NOT** corroborated in any way; neither by the forensic or scientific evidence.  Petitioner maintains that he was not the person who sexually assaulted the victim, and if the Court were to order DNA testing, the results would exonerate this petitioner as the perpetrator in that case.

Additionally, DNA testing would raise the reasonable probability that the verdict would have been **MORE FAVORABLE** to petitioner had such testing been available in 1989. Further, such testing would corroborate petitioner's claim that he did not sexually assault the victim.  The absence of any of petitioner's bodily fluids swabbed from the victim's mouth, and later retrieved from the victim's vaginal cavity and mouth area during a sexual assault examination, would seriously undermine not only the victim's testimony that petitioner ejaculated in her mouth, on her face, and that he attempted vaginal intercourse with her, but also would completely invalidate the criminal conviction against petitioner.

A reasonable person would be led to believe that if the victim was sexually assaulted by petitioner, his DNA would be left at the scene and on the victim, and sufficient testing would prove as much.  The testing in this case would prove that petitioner **DID NOT** commit the crime for which he was charged and later convicted.

The biological samples obtained from the victim were never subjected to DNA testing. The samples obtained from the victim were simply admitted into evidence at the criminal trial.

On or about January 17, 2003, petitioner filed a motion in the State Superior Court for Post-Conviction DNA Testing.  On March 5, 2003, the court denied the motion without appointing counsel.  Petitioner timely filed a petition for writ of mandate in the California Court of Appeal, First Appellate District (Case No. A101979), which was denied on April 10, 2003.  Thereafter, on September 26, 2006, petitioner brought a motion for post-conviction DNA testing, which motion was filed by the Public Defender's Office (who currently represents petition in the civil commitment proceeding).  That motion was denied as well.  The court found that the identity was not sufficient at trial; however, petitioner maintains that based on the lack of DNA testing and uncorroborated testimony, the identity of petitioner as being the perpetrator is questionable at best.

List, by name and citation only, any cases that you think are close factually to yours so that they are an example of the error you believe occurred in your case.  Do not discuss the holding or reasoning of these cases:

U.S. Constitution 5th Amendment, 6th Amendment, 14th Amendment; 18 U.S.C.A. 3600; In re Kinnamon, 133 Cal.App.4th 316,34 Cal. Rptr.3d 802

Do you have an attorney for this petition?                    Yes____       No **X**____

If you do, give the name and address of your attorney:

_____

WHEREFORE, petitioner prays that the Court grant petitioner relief to which s/he may be entitled in this proceeding.  I verify under penalty of perjury that the foregoing is true and correct.

Executed on __7 - 30 - 08__                    _Alfonso Moraga,_____

          Date                              Signature of Petitioner

(Rev. 6/02)

PET. FOR WRIT OF HAB. CORPUS          - 7 -

ATTACHED SHEET

Petitioner, Alfonso Mouzon, seeks appointment of counsel for the purpose of obtaining DNA testing pertainint to his 1989 conviction for rape (California Penal Code § 289) in Alameda Superior Court Case No. 98452.    Petitioner brings this petition specifically under the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution, as he was denied DNA tesing under California Penal Code § 1405(b)(3)(B).    Petitioner is attacking his current confinement through his prior conviction.

Petitioner is currently awaiting adjudication for a civil mental health commitment pursuant to California Welfare and Institutions Code § 6600 et seq.  On January 17, 1990, petioner was sentenced on the above referenced criminal case to 32 years in State prison for convictions of Penal Code §§ 261, 270, 288a, and two counts of 289. At the trial, the identity of this petitioner as the person who sexually assaulted the victim **WAS NOT** corroborated in any way; neither by the forensic or scientific evidence.  Petitioner maintains that he was not the person who sexually assaulted the victim, and if the Court were to order DNA testing, the results would exonerate this petitioner as the perpetrator in that case.

Additionally, DNA testing would raise the reasonable probability that the verdict would have been **MORE FAVORABLE** to petitioner had such testing been available in 1989. Further, such testing would corroborate petitioner's claim that he did not sexually assault the victim.  The absence of any of petitioner's bodily fluids swabbed from the victim's mouth, and later retrieved from the victim's vaginal cavity and mouth area during a sexual assault examination, would seriously undermine not only the victim's testimony that petitioner ejaculated in her mouth, on her face, and that he attempted vaginal intercourse with her, but also would completely invalidate the criminal conviction against petitioner.

A reasonable person would be led to believe that if the victim was sexually assaulted by petitioner, his DNA would be left at the scene and on the victim, and sufficient testing would prove as much.  The testing in this case would prove that petitioner **DID NOT** commit the crime for which he was charged and later convicted.

The biological samples obtained from the victim were never subjected to DNA testing. The samples obtained from the victim were simply admitted into evidence at the criminal trial.

On or about January 17, 2003, petitioner filed a motion in the State Superior Court for Post-Conviction DNA Testing.  On March 5, 2003, the court denied the motion without appointing counsel.  Petitioner timely filed a petition for writ of mandate in the California Court of Appeal, First Appellate District (Case No. A101979), which was denied on April 10, 2003.  Thereafter, on September 26, 2006, petitioner brought a motion for post-conviction DNA testing, which motion was filed by the Public Defender's Office (who currently represents petition in the civil commitment proceeding).  That motion was denied as well.  The court found that the identity was not sufficient at trial; however, petitioner maintains that based on the lack of DNA testing and uncorroborated testimony, the identity of petitioner as being the perpetrator is questionable at best.

```
Coalinga State Hospital
---------------------------------
Alfonso Mouzon      CO#  000473-9
Cash Value: $5.75
Redeem $3.60
Cash Value: $2.15
---------------------------------
7/23/2008 3:13:51 PM
```

↔V☺

Attn; Court Clerk,

I'm requesting a returned filed copy as soon as possible please.

Thankyou,
A. Mouypan.

APPEAL, CLOSED, E-Filing, HABEAS, ProSe

## U.S. District Court
## California Northern District (San Francisco)
## CIVIL DOCKET FOR CASE #: 3:07-cv-04070-MMC
## Internal Use Only

Mouzon v. McLain
Assigned to: Hon. Maxine M. Chesney
Case in other court: **08-15021**
Cause: 28:2254 Petition for Writ of Habeas Corpus (State)

Date Filed: 08/08/2007
Date Terminated: 11/29/2007
Jury Demand: None
Nature of Suit: 530 Habeas Corpus (General)
Jurisdiction: Federal Question

**Petitioner**

**Alfonso Mouzon**

represented by **Alfonso Mouzon**
Coalinga State Hospital
CO # 000473-9
P.O. Box 5003
Coalinga, CA 93210
PRO SE

V.

**Respondent**

**Ben McLain**
*Executive Director*

| Date Filed | # | Docket Text |
|---|---|---|
| 08/08/2007 | 1 | PETITION for Writ of Habeas Corpus (No Process); (IFP Pending). Filed byAlfonso Mouzon. (aaa, Court Staff) (Filed on 8/8/2007) (Entered: 08/09/2007) |
| 08/08/2007 | 2 | CERTIFICATE OF SERVICE by Alfonso Mouzon re 1 Petition for Writ of Habeas Corpus (aaa, Court Staff) (Filed on 8/8/2007) (Entered: 08/09/2007) |
| 08/08/2007 | 3 | MOTION for Leave to Proceed in forma pauperis filed by Alfonso Mouzon. (aaa, Court Staff) (Filed on 8/8/2007) (Entered: 08/09/2007) |
| 08/08/2007 | 4 | Letter from Clerk requesting a signed and completed IFP application or filing fee of $5.00. (aaa, Court Staff) (Filed on 8/8/2007) (Entered: 08/09/2007) |
| 08/08/2007 |  | CASE DESIGNATED for Electronic Filing. (aaa, Court Staff) (Filed on 8/8/2007) (Entered: 08/09/2007) |
| 08/28/2007 | 5 | Addendum: "Supporting Facts" re 1 Petition for Writ of Habeas Corpus filed by Alfonso Mouzon. (Related document(s) 1 ) (rcs, COURT STAFF) (Filed on 8/28/2007) (Entered: 09/11/2007) |
| 11/29/2007 | 6 | ORDER OF DISMISSAL; GRANTING 3 LEAVE TO PROCEED IN FORMA PAUPERIS. Signed by Judge Maxine M. Chesney on November 29, 2007. (mmcsec, COURT STAFF) (Filed on 11/29/2007) (Entered: 11/29/2007) |
| 11/29/2007 | 7 | JUDGMENT: The petition for a writ of habeas corpus is hereby DISMISSED. The dismissal is without prejudice to petitioners filing a new federal habeas petition once his state civil |

| | | |
|---|---|---|
| | | commitment proceedings are completed and he has exhausted state court remedies concerning all claims he wishes to raise in federal court. (tl, COURT STAFF) (Filed on 11/29/2007) (Entered: 11/29/2007) |
| 12/12/2007 | 8 | NOTICE OF APPEAL as to 7 Judgment, 6 Order Dismissing Case by Alfonso Mouzon. (aaa, Court Staff) (Filed on 12/12/2007) Modified on 1/10/2008 (aaa, Court Staff). **USCA NUMBER: 08-15021** (Entered: 12/13/2007) |
| 01/02/2008 | 9 | ORDER DENYING REQUEST FOR CERTIFICATE OF APPEALABILITY. Signed by Judge Maxine M. Chesney on January 2, 2008. (mmcsec, COURT STAFF) (Filed on 1/2/2008) (Entered: 01/02/2008) |
| 01/02/2008 | | Transmission of Notice of Appeal and Docket Sheet to US Court of Appeals re 8 Notice of Appeal (aaa, Court Staff) (Filed on 1/2/2008) (Entered: 01/03/2008) |
| 01/02/2008 | | Copy of 8 Notice of Appeal and Docket sheet mailed to all counsel (aaa, Court Staff) (Filed on 1/2/2008) (Entered: 01/03/2008) |
| 01/02/2008 | | Certificate of Record Mailed to USCA re appeal 8 Notice of Appeal : (aaa, Court Staff) (Filed on 1/2/2008) (Entered: 01/03/2008) |
| 01/02/2008 | | Certified and Transmitted Record on Appeal to US Court of Appeals re 8 Notice of Appeal (aaa, Court Staff) (Filed on 1/2/2008) (Entered: 01/03/2008) |
| 01/09/2008 | 10 | USCA Case Number **08-15021**: RECEIPT OF ACKNOWLEDGMENT from the Ninth Circuit Court of Appeals for 8 Notice of Appeal filed by Alfonso Mouzon. (aaa, Court Staff) (Filed on 1/9/2008) (Entered: 01/10/2008) |
| 04/18/2008 | 11 | Letter dated 3/2/08: from Alfonso Mouzon re request for copies. (aaa, Court Staff) (Filed on 4/18/2008) (Entered: 04/23/2008) |



Willy Alfonso Villaozon
CO-479 Unit-7
PO Box 5003
Coalinga, CA. 93210

Mailroom Dept

Northern District
Mth. Court Clerk
1301 Clay St. Ste. 4
Oakland, CA. 94612