IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFONSO MOUZON,<br><br>    Petitioner,<br><br>  v.<br><br>PAM AHLIN, Warden,<br><br>    Respondent.<br>_____ | No. C 08-3678 MMC (PR)<br><br>**ORDER OF DISMISSAL;**<br>**GRANTING LEAVE TO PROCEED**<br>**IN FORMA PAUPERIS**<br><br>**(Docket No. 4)** |

On August 1, 2008, petitioner, a California prisoner proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons set forth below, the Court finds the petition is subject to dismissal because petitioner has not sought or obtained authorization to file a second or successive petition under 28 U.S.C. § 2244(b)(3).

**BACKGROUND**

In 1990, in the Superior Court of Alameda County, petitioner was convicted of kidnapping, forcible oral copulation, forcible sexual penetration with a foreign object, and attempted rape. He was sentenced to a term of thirty-two years in state prison. His conviction was affirmed on appeal, and the petition for review was denied. Subsequently, petitioner filed state habeas corpus petitions challenging his conviction and sentence, all of which petitions were denied.

Thereafter, in 1994, petitioner filed in this district a habeas corpus petition challenging

his 1990 conviction and sentence. See Mouzon v. Marshall, No. 94-1041 DLJ (PR). On March 31, 1995, United States District Judge D. Lowell Jensen denied the petition on the merits. See id. Docket No. 15. The Ninth Circuit affirmed that ruling on appeal. See id. Docket No. 22.

In 1999, petitioner filed in this district another federal habeas corpus petition challenging the same conviction and sentence. See Mouzon v. Castro, 99-2268 JL (PR). On July 23, 1999, Magistrate Judge James Larson dismissed the petition as a second or successive petition under 28 U.S.C. § 2244(b)(3). See id. Docket No. 5.

In 2004, petitioner filed in this district yet another federal habeas corpus petition challenging the same conviction and sentence. See Mouzon v. Scribner, 04-2490 MMC (PR). On September 22, 2005, this Court dismissed the petition as a second or successive petition under 28 U.S.C. § 2244(b)(3). See id. Docket No. 5.

By the instant petition, petitioner seeks to obtain access, under California law, to post-conviction DNA testing that will enable him to show he is innocent of the crimes for which he was convicted in 1990.[1]

**DISCUSSION**

Where a claim presented in a second or successive habeas corpus petition under 28 U.S.C. § 2254 has been presented in a prior petition, such claim must be dismissed. 28 U.S.C. § 2244(b)(1). Where a claim presented in a second or successive habeas corpus petition under § 2254 has not been presented in a prior petition, such claim likewise must be dismissed, unless: (1) the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, or (2) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence, and the facts underlying the claim would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact-finder would have found the petitioner

---

[1] California Penal Code § 1405 allows a convicted felon who is serving a term of imprisonment to move for performance of DNA testing, in the trial court that entered the judgment of conviction in his case. Cal. Penal Code § 1405(a). Here, petitioner asserts he sought and was denied such testing. (Pet. at 4 & Attachment.)

guilty of the underlying offense. Id. § 2244(b)(2). Before a second or successive habeas petition may be filed in the district court, the petitioner must first obtain from the Court of Appeals an order authorizing the district court to consider the petition. Id. § 2244(b)(3)(A).

By the instant petition, petitioner is attempting to obtain access to DNA evidence so that he may challenge the validity of his 1990 conviction and sentence. As petitioner has on three prior occasions filed federal habeas corpus petitions challenging the validity of that same conviction and sentence, he may not proceed with his claim for access to DNA evidence until he has sought and obtained from the Ninth Circuit Court of Appeals an order authorizing him to file a second or successive petition in the district court. Accordingly, the instant petition will be dismissed without prejudice to petitioner's refiling the petition if he obtains the necessary order.

In light of petitioner's lack of funds, the application to proceed in forma pauperis will be granted.

## CONCLUSION

For the reasons stated above, the petition is hereby DISMISSED, pursuant to 28 U.S.C. § 2244(b) and without prejudice, as a second or second successive petition.

The application to proceed in forma pauperis is hereby GRANTED.

This order terminates Docket No. 4.

The Clerk shall close the file.

IT IS SO ORDERED.

DATED: February 2, 2009

_____
MAXINE M. CHESNEY
United States District Judge

3